UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CURTIS JOHNELL VINES,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:18cv1432(MPS) |
| | : |
| PHYSICIAN ASSISTANT KEVIN<br>MCCRYSTAL, ET AL.,<br>　　Defendants. | :<br>:<br>: |

## **INITIAL REVIEW ORDER**

The plaintiff, Curtis Johnell Vines, is currently confined at Cheshire Correctional Institution. He initiated this action by filing a complaint against Physician Assistant ("PA") Kevin McCrystal, Correctional Officer Olivio, and Correctional Officer Barrows. For the reasons set forth below, the complaint will be dismissed in part.

**I.　　Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II. Facts

On April 4, 2017, at MacDougall-Walker Correctional Institution ("MacDougall-Walker"), the plaintiff injured his knee playing basketball. *See* Compl. at 6 ¶ 1 & at 7 ¶ 6. The plaintiff could not move his leg or foot or "stand without falling down." *See id.* at 6 ¶ 1. An officer called a "medical code" and medical staff members transferred the plaintiff to the medical unit. *See id.* PA McCrystal examined the plaintiff's knee, prescribed ibuprofen for the pain, and directed a nurse to wrap the plaintiff's knee and provide him with crutches. *See id.* ¶ 2. The plaintiff informed PA McCrystal and the nurse that he believed that the injury to his knee could not be "fix[ed]" with ibuprofen, but they would not listen to his opinion. *See id.*

That evening, at the dinner meal, the plaintiff asked Correctional Officers Olivio and Barrows to contact the medical department because the pain in his injured knee was severe. *See id.* ¶¶ 3-4. In response to the plaintiff's request, Officer Olivio "made a very smart remark about pain and not being able to talk" and Officer Barrows stated that she did not "want nothing to do with it." *See id.* ¶¶ 3-4. The plaintiff was unable to sleep during the night of April 4, 2017, and early morning hours of April 5, 2017, because his knee was so painful. *See id.* ¶ 3.

During the morning of April 5, 2017, after convincing correctional staff that he was experiencing the worst pain that he had ever experienced in his life, a lieutenant arranged for him to undergo an x-ray. *See id.* at 7 ¶ 5. During a visit to the medical unit after the x-ray, a nurse explained to the plaintiff that he had "broke[n]" his knee "in half." *See id.* Medical officials at Cheshire transferred the plaintiff to the University of Connecticut Medical Center ("UCONN") for surgery. *See id.* ¶ 6. A surgeon "put two screws in [the plaintiff's] left knee." *See id.* Three days after the procedure, hospital officials transferred the plaintiff back to MacDougall-Walker. *See id.*

During the next three weeks, medical staff members neglected to clean the incisions from the surgical procedure. *See id.* ¶ 7. As a result, pus began to ooze from the incisions and the plaintiff experienced throbbing and burning sensations in his left knee. *See id.* A nurse examined the plaintiff's knee and indicated "that is going to happen." *See id.* During the three-week period following his knee surgery, the plaintiff saw Dr. Pillai and PA McCrystal. *See id.* ¶ 8.

On May 5, 2017, Dr. Syed Naqvi examined the plaintiff's knee and concluded that the incisions had become infected. *See id.* Dr. Naqvi prescribed a 7-day course of antibiotics to treat the infection. *See id.*

On May 16, 2017, the plaintiff filed a "medical grievance" regarding PA McCrystal's treatment of his knee injury. *See id.* ¶ 9. PA McCrystal denied the grievance. *See id.*

### III. Discussion

The plaintiff contends that the defendants violated the Eighth Amendment, failed to comply with the procedures set forth in State of Connecticut Department of Correction

Administrative Directive 9.6, and engaged in negligent conduct. For relief, the plaintiff seeks punitive and compensatory damages and a declaration that the defendants violated his rights.

### A. Official Capacity Requests for Relief – Federal Claims

The plaintiff sues the defendants in both their individual and official capacities. The Eleventh Amendment divests the district court of subject matter jurisdiction over claims for money damages against state officials acting in their official capacities unless the state has waived Eleventh Amendment immunity or Congress has abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate state sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and the plaintiff does not allege that the defendants have waived their Eleventh Amendment immunity. Accordingly, the claims for damages against the defendants in their official capacities are dismissed. *See* 28 U.S.C. § 1915A(b)(2).

The plaintiff requests that the court declare that the defendants violated his Eighth Amendment rights when they acted with deliberate indifference and subjected him to cruel and unusual punishment and declare that the defendants' "breach of [their] duties [constituted] negligen[ce]." Compl. at 8. The plaintiff is no longer confined at MacDougall-Walker and does not allege any continuing violations of his rights by the defendants. Thus, the plaintiff seeks declaratory relief to remedy alleged conduct by the defendants that occurred in the past.

Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Colabella v. American Institute of Certified Public Accountants*, No. 10-cv-2291(KAM)(ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citations omitted). Thus, it operates in a prospective manner to allow parties to resolve claims before either side

4

suffers significant harm.  *See In re Combustion Equip. Assoc. Inc.*, 838 F.2d 35, 37 (2d Cir. 1988).

In *Ex Parte Young*, 209 U.S. 123, 155-56 (1908), the Supreme Court held that an exception to the Eleventh Amendment's grant of sovereign immunity from suit existed to permit a plaintiff to sue a state official acting in his or her official capacity for prospective injunctive relief for continuing violations of federal law.  The exception to Eleventh Amendment immunity, however, does not apply to claims against state officials seeking declaratory or injunctive relief for prior violations of federal law.  *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* ... to claims for retrospective relief") (citations omitted).

The plaintiff's request for a declaration that in 2017 at MacDougall-Walker, the defendants violated his constitutional rights under Eighth Amendment and breached a duty of care owed to him cannot be properly characterized as "prospective" because the plaintiff does not allege how such relief would remedy a future constitutional violation by the defendants.  *See Li v. Lorenzo*, 712 F. App'x 21, 23 (2d Cir. 2017) (affirming claim for declaratory and injunctive relief as barred by Eleventh Amendment because "Li's disciplinary proceedings have ended ... and he alleged injuries stemming only from past conduct with no plausible threat of future violations.").  Thus, the plaintiff's request for declaratory relief does not satisfy the requirements for the exception to Eleventh Amendment immunity set forth in *Ex Parte Young*.  The request for declaratory relief is dismissed as to all defendants.  *See* 28 U.S.C. § 1915A(b)(1).

## B. Individual Capacity - Eighth Amendment Claims

The plaintiff alleges that he suffered a serious injury to his knee playing basketball on April 4, 2017 at MacDougall Walker. The plaintiff acknowledges that PA McCrystal treated him immediately following the incident that caused the injury to his knee. He contends that later that evening, after his initial treatment, Officers Olivio and Barrows were deliberately indifferent to the pain caused by his injury.

Deliberate indifference by prison officials to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must meet a two-pronged test. Under the first prong, a plaintiff must demonstrate that his or her medical or mental health need was "'sufficiently serious.'" *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quotation marks omitted). If an inmate alleges delay or interruption in treatment rather than failure to receive treatment, "the serious medical need inquiry can properly take into account the severity of the temporary deprivation alleged by the prisoner." *Smith v. Carpenter,* 316 F.3d 178, 186 (2d Cir. 2003). "[I]t's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the

6

abstract, that is relevant for [these] purposes." *Id.* (citing *Chance,* 143 F.3d at 702–03).

The second prong is subjective and requires the plaintiff to show that the defendant was aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. *See Spavone,* 719 F.3d at 138 *(citing Salahuddin*, 467 F.3d at 280). Mere negligent conduct does constitute deliberate indifference. *See Salahuddin*, 467 F.3d at 280 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

### 1. Officers Olivio and Barrows

The plaintiff alleges that he suffered an injury to his knee that caused him unbearable pain and that the medication initially prescribed by PA McCrystal to alleviate the pain was only effective for a short time. The plaintiff's allegations that Officers Olivio and Barrows refused to facilitate treatment of his knee injury by the medical department, despite his complaints of excruciating pain, state a plausible claim of deliberate indifference to a serious medical need. *See Estelle,* 429 U.S. at 104–05 (Eighth Amendment is violated "by prison guards in intentionally denying or delaying access to medical care"); *Archer v. Dutcher,* 733 F.2d 14, 16 (2d Cir. 1984) ("[I]f defendants did decide to delay emergency medical aid—even for 'only' five hours—in order to make [plaintiff] suffer, surely a claim would be stated under *Estelle* "); *Laster v. Mancini,* No. 07 Civ. 8265(DAB), 2013 WL 5405468, at *21 (S.D.N.Y. Sept. 25, 2013) ("Courts have declined to dismiss deliberate-indifference claims as a matter of law where plaintiffs have alleged a delay in medical treatment causing substantial pain, even when the injuries alleged were not life-threatening and the delay was relatively brief.").

## 2. PA McCrystal

The plaintiff concedes that immediately after he suffered the injury to his knee, PA McCrystal examined him briefly, prescribed or ordered ibuprofen for his complaints of pain, and directed a nurse to bandage his knee and provide him with crutches. The plaintiff does not allege that he made PA McCrystal aware that he began to experience unbearable pain in his injured knee at some point during the evening of April 4, 2017, or that the pain had not abated as of the morning of April 5, 2017. The plaintiff acknowledges that during the morning of April 5, 2017, a prison official arranged to have his knee x-rayed and that the results of the x-ray necessitated his transfer to UCONN for further treatment, including surgery.

To the extent that the plaintiff is alleging that PA McCrystal should have ordered an immediate x-ray of his knee, such an allegation does not rise to the level of deliberate indifference. *See Jimenez v. Sommer*, No. 14-CV-5166 (NSR), 2017 WL 3268859, at *6 (S.D.N.Y. July 28, 2017) (allegation that after inmate's fall, a nurse examined inmate and provided him with pain medication, crutches and an air cast and that five days later he underwent an x-ray of his ankle revealing a fracture did not state claim of deliberate indifference to a serious medical need) ; *Patterson v. Westchester County*, No. 13 Civ. 0194 (PAC)(AJP), 2014 WL 1407709, at *7 (S.D.N.Y. Apr. 11, 2014) (ankle injury from basketball game not objectively serious enough and "the several-day delay in taking and reporting the results of an x-ray that revealed torn ankle ligaments does not constitute a sufficiently serious treatment delay"), *report and recommendation adopted*, 2014 WL 2759072 (S.D. N.Y. June 16, 2014); *Johnson v. Wright,* 477 F. Supp. 2d 572, 576 (W.D.N.Y. 2007) ("That plaintiff may have preferred a more aggressive course of treatment, or more prompt surgery, does not show that defendants acted

8

wantonly with the purpose of causing him pain"). A claim that during his initial examination and treatment of the plaintiff on April 4, 2017, PA McCrystal did not take further steps, including sending the plaintiff for an immediate x-ray, as soon as he should have, constitutes a claim of negligence. As stated above, mere negligence is not actionable under section 1983. *See Estelle,* 429 U.S. at 106 ("A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Thus, the court concludes that the facts, as alleged, do not state a plausible claim of deliberate indifference against PA McCrystal during the period from April 4, 2017 to April 5, 2017.

The plaintiff alleges that after he underwent a surgical procedure at UCONN to repair the injury to his knee, his surgical incisions needed to be kept clean after his return to MacDougall-Walker. The plaintiff contends that his incisions became infected because medical staff members allegedly did not keep the incisions clean. Approximately one month after his surgery, a physician at MacDougall-Walker diagnosed the infection and prescribed a course of antibiotics to treat it.

The plaintiff alleges that during the three-week period after his return to MacDougall-Walker from UCONN, he saw PA McCrystal and Dr. Pillai. The plaintiff does not indicate the day or dates on which PA McCrystal saw him. Nor does he describe the nature of any complaints or requests for treatment that he made to PA McCrystal or any responses to those complaints or treatment requests by PA McCrystal. Thus, as alleged, the facts do not state a claim of deliberate indifference by PA McCrystal to the plaintiff's medical condition during the

9

period from approximately August 8, 2017 to May 4, 2017. Accordingly, the Eighth Amendment claims of deliberate indifference to the plaintiff's medical needs, as asserted against PA McCrystal, are dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

### C. Individual Capacity - Fourteenth Amendment Claim

The plaintiff alleges that he filed a grievance accusing PA McCrystal of providing him with inadequate treatment for his knee injury. The plaintiff contends that PA McCrystal, as the subject of the grievance, violated Administrative Directive 9.6 by personally reviewing and responding to it.

The Second Circuit has held that neither state directives nor "state statutes ... create federally protected due process entitlements to specific state-mandated procedures." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003). Thus, allegations that a prison official violated the procedures set forth in a state's administrative remedy program that is applicable to prisoner grievances do not state a claim of a violation of an inmate's constitutional rights. *See Swift v. Tweddell,* 582 F. Supp. 2d 437, 445–46 (W.D.N.Y. 2008) ("It is well established [] that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim.") (collecting cases); *Fernandez v. Armstrong*, No. 3:02CV2252CFD, 2005 WL 733664, at *9 (D. Conn. Mar. 30, 2005) ("This district has previously held that failure of a correctional official to comply with the institutional grievance procedures [set forth in Administrative Directive 9.6] is not cognizable in an action filed pursuant to 42 U.S.C. § 1983, unless the action caused the denial of a constitutionally or federally protected right."). In addition, "prisoners do not have a due process

10

right to a thorough investigation of grievances." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 347 (N.D.N.Y. 2010) (citing *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 341-42 (S.D.N.Y. 2003) ("The corrections officers' failure to properly address [plaintiff's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [plaintiff] was not deprived of a protected liberty interest.")).

To the extent that the plaintiff claims that PA McCrystal failed to properly comply with Department of Correction Administrative Directive 9.6 by processing and responding to his inmate grievance pertaining to his past medical treatment, rather than permitting another medical staff member to process and respond to the grievance, such a claim does not allege a violation of the Fourteenth Amendment. *See Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless.") The Fourteenth Amendment due process claim against PA McCrystal is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### D. Individual and Official Capacity - State Law Negligence Claim

As indicated above, one of the requests for declaratory relief is a declaration that the defendants' "breach of [their] duties" constituted "negligent" conduct. *See* Compl. at 8. Other than in the description of his request for declaratory relief, the plaintiff does not characterize the conduct of the defendants as negligent. Nor does he offer any facts in support of his negligence claim.

The plaintiff may not recover monetary damages from the defendants for their allegedly negligent conduct. Connecticut law provides, "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or

11

her duties or within the scope of his or her employment." Conn. Gen. Stat. § 4–165.  Thus, state employees are not "personally liable for their negligent actions performed within the scope of their employment." *Miller v. Egan*, 265 Conn. 301, 319, 828 A.2d 549, 561 (2003).  The allegations against the defendants relate to conduct that occurred during the performance of their jobs with the Department of Correction.

Furthermore, "[a]ny person having a complaint for such damage or injury" must "present . . . [the] claim against the state" to the State Claims Commissioner who may authorize an action against the state or a state official.  Conn. Gen. Stat. §§ 4-160(a), 4-165(a).  When filing a lawsuit, the plaintiff must allege that he or she sought "authorization and the date on which it was granted." Conn. Gen. Stat. § 4-160(c).

The plaintiff has not asserted that he filed a claim with the Connecticut Claims Commissioner or that he received the required authorization to file suit against the State and its officials.  Accordingly, the negligence claim against the defendants in their individual capacities for monetary damages is barred by statutory immunity under Conn. Gen. Stat. § 4-165 and are dismissed.  *See* 28 U.S.C. § 1915A(b)(2).

**ORDERS**

The court enters the following orders:

**(1)** The claims for damages against the defendants for violations of federal law in their official capacities and the negligence claim against the defendants in their individual and official capacities for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The request for a declaration that the defendants violated federal law and the request for a declaration that the defendants' alleged negligent conduct violated the plaintiff's rights under

12

Connecticut law are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth and Fourteenth Amendment claims against PA McCrystal in his individual capacity are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment deliberate indifference to medical needs claim will proceed against Correctional Officer Olivio and Correctional Officer Barrows in their individual capacities.

**(2)** Within **30 days** of this Order, the plaintiff may file an amended complaint revising the allegations against PA McCrystal to address the deficiencies described above. If the plaintiff fails to replead within 30 days, he will not be given another opportunity to plead claims against PA McCrystal. The Court will then issue a service order for the remaining defendants and the case will proceed against those defendants only.

**(3)** The Clerk is directed to mail a copy of this order to the plaintiff.

SO ORDERED at Hartford, Connecticut this 19th day of November, 2018.

_____/s/_____
Michael P. Shea
United States District Judge